The opinion of the Court was delivered by----
Mr. Justice Johnson.
1st. Whatever is indispensably necessary to be proven to warrant a conviction, must be alleged in the indictment. Thus, in indictments for murder, the words felonice murdravit, and in larceny the words felonice cepit et asportavit, are indispensably necessary. Even in a civil action for a dfeceit, the scienter should be averred in the declaration, and also proved. (I Selwyn's Nisi Prius, 683.) Surely, then, if it be necessary in a civil action, it is more so in a criminal prosecution. It follows, then, that if it be indispensably necessary to prove that the defendants knew that the girl was free at the time of the sale, it ought to have been alleged in the indictment, and I do not think that it is supplied by the general charge of fraud and deceit. I need not resort to arguments to show that it was necessary to prove that the defendants knew the girl was free, to authorize their conviction, for the thing is self-evident, and the indictment only alleges that they falsely and deceitfully pretended and asserted that she waé' free, when in truth and in fact she was not. The term deceitfully, as here used, cannot be considered otherwise than as an inference from the fact stated, that it was falsely done, as there is no other stated. The assertion, then, was only false be *138 cause it was not true, to which neither moral nor legal guilt can attach. The case of Macarty and Fordcnborousrh, (6 Modern, 301,) which is of ° ‘ \ very doubtful authority, ( Vide 2 East's Crown Law, 824,) relied on in opposition to the motion, does not sustain the indictment, for although the indictment in that case did not charge a conspiracy, eo nomine, yet it stated facts which the Court considered as tantamount; but in this case I am tínable to see any thing from which a scienter can fairly be inferred.
2d. it is not pretended that the offence charged in this indictment is included in any of the specific provisions of the act before alluded to ; and the general clause before recited only provides a punishment for the offence of cheating, as it stood at common law"; we must, therefore, resort to the common law to ascertain what constituted it. Cheats are, 1 st,' Frauds relating to matters of public concern, as doing judicial acts in the name of another, supplying prisoners of war with unwholesome food, and the like, (2 East C. L. 821—2,) and relates solely to the affairs of .government; or, 2d, or such as regard private concerns, which are effected by means of conspiracy, forgery, or false tokens, calculated to deceive the public in general, in this case, it is not ■alleged that either a conspiracy or forgery were the means used, and it only remains to be inquired, whether there ivas or was not a false token? One of its indispensable ingredients is. *139 that it must in its nature be calculated to deceive the public in general. The instances given are false weights and measures, the marks or seals of goods or produce, by which their or quality are determined, and the like, (Vide 2 East C. L. 820, and the cases there cited,) and the reason appears to be, that the public are universally accustomed to accredit these marks, or seals, weights, and measures, as conclusive evidence of what they profess to represent; they are, therefore, calculated to deceive. Now the colour of the girl, by which it is said the prosecutor in this case was deceived, is precisely what she appeared to be, a mulatto, or person of colour. Now, if colour was a universal badge of slavery, the facts admitted by the second ground might amount to cheating, but every one knows that there are persons of this colour that are free, and that among the subjects of slavery are found all the various shades of colour between the European and African. The prosecutor was not, therefore, deceived or cheated by the thing-itself, but by the false representations of the defendants, which is but a naked lie, and however reprehensible, is not indictable. (2 East C. L. 219.)
I am therefore of opinion that the motion ought to be rejected on both of the grounds.
Bay, JS"ott, Colcock, and Cheves, J, concurred.